■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JEFFREY R. ELLIOTT, Respondent. Kane, J.—Appeal from an order of the County Court of St. Lawrence County (Nelson, J.), entered September 13, 1985, which granted defendant's motion to suppress evidence.

While on routine patrol on November 9, 1984, at about 11:15 P.M., Officer Michael Le Cuyer of the Massena Village Police Department observed a parked car with its passenger door open. Upon approaching the vehicle, Le Cuyer discovered a young female in the car with her feet outside and her head hanging down. She appeared to be intoxicated and in a semiconscious condition. Le Cuyer radioed police headquarters for assistance. He also ran a radio check on the license plate of the car and ascertained that the owner of the vehicle was defendant.

Officer John McPherson was one of two police officers who arrived at the scene and attempted to awaken the young woman. At that point, another young woman approached the vehicle and informed the police that the woman in the car was her sister. The second woman then went into the nearby Gallery Lounge and returned shortly thereafter with defendant. Defendant stated that he was the owner of the car and Le Cuyer asked to see his driver's license, registration and insurance card. Defendant raised no objection, went to the driver's side of the car, leaned across, opened up the glove box and retrieved the requested material. McPherson, who was assisting the intoxicated woman on the passenger side, observed aluminum foil and a "marihuana pipe" when defendant opened the glove compartment. McPherson seized the pipe and foil, and arrested defendant. The laboratory report indicated that the perforated paper, which was inside the foil, contained LSD.

In due course, defendant was indicted for the crime of criminal possession of a controlled substance in the fourth degree, a class C felony. Subsequently, defendant moved to suppress the "marihuana pipe" and quantity of LSD seized from his automobile. After conducting a hearing, County Court rendered a decision wherein credibility issues were

resolved in favor of the People.* However, the court suppressed the evidence, finding that there were no grounds for the officer to request defendant to produce his license, registration and insurance card. This appeal by the People ensued.

We reverse. Contrary to County Court's conclusion, it was reasonable, under the circumstances, for Le Cuyer to make the routine and innocuous request for verifying documentation from defendant (see, People v De Bour, 40 NY2d 210, 218). Moreover, the uncontroverted fact is that defendant *voluntarily* complied with Le Cuyer's request. In sum, Le Cuyer did nothing to defendant except request to see identification. Defendant agreed and the result was the plain-view observation. Accordingly, we reverse County Court's ruling and deny the suppression motion.

Order reversed, on the law, and motion denied. Mahoney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.

(January 24, 1986)

---

* Defendant offered testimony to the effect that, prior to his arrival at the scene, the police had conducted a complete search of his vehicle.